**SO ORDERED.**

**SIGNED this 03 day of January, 2013.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

BILLY BOYCE BATY,            CASE NO.: 12-02870-8-JRL
                             CHAPTER 11

   DEBTOR.

ORDER CONFIRMING PLAN

The Second Plan of Reorganization under Chapter 11 of the Bankruptcy Code filed by the Debtor on October 20, 2012 (hereinafter the "Plan") having been transmitted to creditors, and a Hearing on Confirmation of the Plan having been concluded in the United States Bankruptcy Court in Raleigh, North Carolina on November 28, 2012, and

The Court being advised by way of a ballot report as to the acceptance of a class of impaired claims of the Plan, and having considered the evidence presented at the hearing, the record of the case, and arguments of counsel for the Debtor and the Bankruptcy Administrator;

NOW, THEREFORE, the Court makes the following findings of fact and conclusions of law:

1. The Plan, as amended and clarified in the attached Exhibit A, and the proponent comply with all requirements of 11 U.S.C. §1129 and all other requirements of confirmation of the Plan pursuant to the Bankruptcy Code;

2. The Disclosure Statement complies with all requirements of the Bankruptcy Code;

IT IS ORDERED THAT:

1. The Disclosure Statement is APPROVED.

2. The Plan, as expressed in the attached Exhibit A, is CONFIRMED.

3. To the extent any language in the Plan is inconsistent with the provisions of this Order, the provisions of this Order shall govern.

4. Except for liens preserved by the Plan and as otherwise provided in the Plan or this Order, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any nature whatsoever against the Debtor, the Reorganized Debtor or any of their assets or properties, and, except as otherwise provided in the Plan or in this Order, upon the Effective Date the Debtor shall be deemed discharged and released under Section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in Sections 502 of the Bankruptcy Code, whether or not (a) a Proof of Claim based upon such debt is filed or deemed filed under Section 501 of the Bankruptcy Code, (b) a Claim based upon such debt is Allowed under Section 502 of the Bankruptcy Code, or (c) the holder of a Claim based upon such debt accepted the Plan. Except as otherwise provided in the Plan or in this Order, this Order shall be a judicial determination of discharge of all liabilities of the Debtor as of the Effective Date. From and after the Effective Date all Persons who have held, hold, or may hold Claims against or Equity Interests in the Debtor, other than holders of liens preserved by the Plan, are permanently enjoined from taking any of the following actions with respect thereto against the Debtor or the Reorganized Debtor: (a) commencing or continuing, in any manner or in any place, any action or other; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (c) creating, perfecting or enforcing any lien or encumbrance; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor or the Reorganized Debtor; and (e) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan.

5. All objections to claims, including requests for costs and expenses under section 506(b), fee applications, and adversary proceedings will be filed with the Court within sixty (60) days of the Effective Date. The Effective Date shall be January 1, 2013.

6. The Debtor shall file Post-Confirmation Reports with the Clerk of Court pursuant to Section 1106(a)(7) with a copy served upon the Bankruptcy Administrator. The first report shall be due on the earliest of December 31, March 31, June 30, or September 30 in the calendar year in which this Plan is confirmed. The Debtor shall file subsequent reports at the end of every quarter (December 31, March 31, June 30, or

September 30) until the Plan is substantially consummated. Quarterly Reports shall reflect any progress made in consummating the Plan during the period covered by the report. Post-Confirmation Reports shall be filed in the format prescribed by the Bankruptcy Administrator. Debtors will continue paying the quarterly fee to the United States Bankruptcy Court until the Motion for Final Decree is filed.

7.   Within thirty (30) days of substantial consummation of the Plan, as defined by Section 1101(2), the Debtor shall file a final report, in a format prescribed by the Bankruptcy Administrator, reflecting payments made for all costs of administration and each class of creditors, and a motion for the entry of a Final Decree pursuant to Rule No. 3022, F.R.B.P.

8.   The Debtors shall pay to the Clerk, United States Bankruptcy Court, the sum of $0.00 for court costs.

9.   The Debtors shall serve a copy of this Order on all creditors within five (5) days of the entry of this Order and promptly file a Certificate of Service with the Clerk.

End of Document

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

BILLY BATY                                                CASE NO. 12-02870-8-JRL
                                                          CHAPTER 11
     DEBTOR

### EXHIBIT A

### AMENDED SECOND PLAN OF REORGANIZATION

**Plan Summary:**
   The plan contains seven classes of claims. Six of those classes are secured classes. One of those classes is an unsecured class.

**Absolute Priority Rule:**
   By public auction, publicized in the debtor's second plan of reorganization, **NC Temp Opticians and Consulting has purchased all estate assets for the amount of $1,000.**.

**Financial Management Course:** The debtor has completed a course that satisfies FRBP 1007(b)(7).

### The Plan

**Priority Tax Debt:** $5,712.95 to be paid to Wake County Tax Collector in full prior to April 13, 2017.

**Administrative claim:** $650.00 in attorney fees payable to Shapiro and Ingle pursuant to consent order resolving Motion for Relief from Stay.

**Class I: Claims secured by 105 Woods Ream Drive, Raleigh NC**

Debtor does not propose to impair those claims secured with deeds of trust on 105 Woods Ream Drive of JP Morgan Chase Bank and HFC. The note secured by third deed of trust to Wells Fargo is wholly unsecured and will be treated as a general unsecured claim in Class VII.

1. JP Morgan Chase Bank holds a first deed of trust in the amount of $196,379.80 that will remain unmodified by this plan.

The creditor shall resume the issuing of monthly billing statements, establish escrow accounts for the paying of taxes and insurance (if not already established), and incorporate those escrow charges into the debtor's monthly bill within sixty days of the closing of the bankruptcy case.

Monthly payments due are as follows:

   a) Principle and interest: $680.91
   b) Escrow (taxes and insurance): $263.75
   c) **Total: $944.66**

Payments will be made to:

**JPMorgan Chase Bank, N.A.**
**3415 Vision Drive**
**OH4-7133**
**Columbus, OH 43219**

2. Household Realty Corporation (aka HFC) holds a second deed of trust in the amount of $29,237.53 that will remain unmodified by this plan.

The creditor has agreed to suspend all collection activity and accrual of interest on this loan. The loan principle will be fully satisfied with the property is sold.

3. Wells Fargo holds a wholly unsecured third deed of trust in the amount of $10,298.00. that will be treated in Class VII.

**Class II: Claim of Midland HOA**

Debtor proposes to impair the claim of Midland HOA.

Midland HOA holds a claim secured by 7801 Stephanie Lane, Raleigh NC totaling $4,016.77 Creditors claim will be paid in fully at 4% interest in sixty equal monthly installments of beginning on January 1, 2013 and concluding on January 1, 2018.

**Payment on Pre-petition arrears shall be $74.00 per month.**

**All post-petition payments shall be made in the ordinary course.**

Payments should be sent to:

**Gunter and Flowers, PLLC**
**617 West Jones Street**

**Raleigh, NC 27603**

**Class III: Claims secured by 7801 Stephanie Lane, Raleigh NC**

Debtor proposes to impair the secured claims of JPMorgan Chase Bank and Midland HOA.

JPMorgan Chase Bank holds a deed of trust in the amount of $92,798.61. This loan shall be treated as fully secured. Principal and interest payments at 5.25% amortized over thirty years total $513 per month. The loan shall remain escrowed for ad valorem taxes and homeowner's insurance. The estimated escrow payment for property taxes and property insurance is $178.12 per month before the collection of the monthly escrow shortage of approximately $118.39. JPMorgan Chase Bank shall reanalyze the escrow account to collect the contractual escrow shortage consisting of all pre-petition and post-petition escrow disbursements to be collected over a period of sixty (60) months with the collection of the escrow shortage in the monthly payments to begin February 1, 2013.

**Beginning on January 1, 2013 the debtor shall make monthly payments of $691.12.**

**Payments will be mailed to:**

**JPMorgan Chase Bank, N.A.**
**3415 Vision Drive OH4-7142**
**Columbus, OH 43219**

The lender is required to begin issuing monthly billing statements to the debtor reflecting the new terms of the loan and escrow payments within sixty days of the closure of this case. This loan shall be deemed current and will conclude on January 1, 2043.

**Class IV: Claims secured by 7600 Huey Court, Raleigh NC**

Debtor proposes to impair the secured claim of Homeward Residential, Inc.

Homeward Residential, Inc. holds a deed of trust in the amount of $98,813.00. This loan is secured up to $90,000.00. Amortized over thirty years at a 5.25% rate of interest, the debtor will pay $497.00 per month in principal and interest. The loan shall remain escrowed for ad valorem taxes and homeowner's insurance. Homeward Residential, Inc. shall be entitled to any post-petition disbursements it has made for taxes and/or insurance in addition to the secured claim of $90,000.00. The escrow payments are estimated at $105.04 per month.

**Beginning on December 1, 2012 the debtor shall make payments of $602.04 per month to:**

**Homeward Residential, Inc.**
**4875 Belford Road**
**Suite 130**

**Jacksonville, FL 32256**

This loan shall be deemed current and will conclude on January 1, 2043. The unsecured portion will be treated in Class VII.

The creditor shall resume the issuing of monthly billing statements, establish escrow accounts for the paying of taxes and insurance, and incorporate those escrow charges into the debtor's monthly bill within 60 days of the closing of this case.

There is insufficient value in the collateral securing Crown Oaks Townhomes Association's lien. Its claim of $7,407.00 will be treated as fully unsecured in Class VII.

### Class V: Loans secured by 7602 Huey Court, Raleigh NC

Debtor proposes to impair the secured claim of Bank of America Home Loans.

1. Secured Creditor shall have secured claim in the amount of $92,228.31 (the "Secured Claim") amortized over thirty (30) years at 5.25% interest per annum.
2. The Debtor shall tender regular monthly principal and interest payments in the sum of $509.29 to Bank of America for the Secured Claim commencing January 1, 2013, and continuing until January 1, 2043, when all such outstanding amounts under the Secured Claim are to be paid in full.
3. Secured Creditor is permitted to advance such sums as needed for the payment of escrow items, consisting of taxes, insurance premiums, assessments, or any similar obligations which may, if not paid, legally attain priority as a lien over the claim of Secured Creditor. Secured Creditor shall be permitted to add such escrow items to the monthly principal and interest payment described above in accordance with applicable law and the terms of the Note and Deed of Trust and applicable law. Such amounts shall be subject to change. In addition, the Debtor shall promptly furnish to Secured Creditor any notices of amounts coming due which constitute escrow items.
4. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of the claim of Secured Creditor.
5. At the request of Secured Creditor, the Debtor(s) shall execute such documents and instruments as are necessary to reflect the Debtor(s) as the borrower of the Secured Claim, and to modify the terms of the obligation to conform with the provisions of the this Stipulation.
6. The creditor shall resume the issuing of monthly billing statements, establish escrow accounts for the paying of taxes and insurance, and incorporate those escrow charges into the debtor's monthly bill within sixty days of the closing of this case.
7. The terms of this Stipulation may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon without the express written consent of Secured Creditor. The terms of this Stipulation shall be incorporated into the Plan, the Order Confirming the Plan, and/or any subsequently filed Amended Chapter 11 Plan of Reorganization.
8. In the event the Debtor(s)' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, shall retain its lien in the full amount due under the Note and the automatic stay shall be terminated without further notice, order, or

proceeding of the court.

**Monthly Payments consisting of principal, interest, and escrow payments of $622.26 will begin on January 1, 2013. The creditor will add an additional amount to cover the escrow shortage already paid by the creditor. This amount is estimated at $70.00 per month.**

Payments will be sent to

**Bank of America, N.A.
Post Office Box 660933
Dallas, TX 75266-0933**

There is insufficient value in the collateral securing Crown Oaks Townhomes Association's lien. Its claim of $6,837.00 will be treated as fully unsecured in Class VII.

**Class VI: Loans secured by 7604 Huey Court, Raleigh NC**

Debtor proposes to impair the secured claim of JPMorgan Chase Bank.

JPMorgan Chase Bank holds a fully secured deed of trust in the amount of $100,829.60. Principal and interest payments at 5.25% amortized over thirty years total $604.22 per month. The loan shall remain escrowed for ad valorem taxes and homeowner's insurance. The estimated monthly escrow payment for property taxes and property insurance is $108.58 per month before the collection of the escrow shortage. The monthly escrow shortage payment is estimated at $94.30.   JPMorgan Chase Bank shall reanalyze the escrow account to collect the contractual escrow shortage consisting of all pre-petition and post-petition escrow disbursements to be collected over a period of sixty (60) months with the collection of the escrow shortage in the monthly payments to begin February 1, 2013.

**Beginning on January 1, 2013 the debtor shall make payments of $712.80 per month to:**

**JPMorgan Chase Bank, N.A.
3415 Vision Drive OH4-7142
Columbus, OH 43219**

The lender is required to begin issuing monthly billing statements to the debtor reflecting the new terms of the loan and escrow payments within sixty days of the closure of this case. This loan shall be deemed current and will conclude on January 1, 2043.

There is insufficient value in the collateral securing Crown Oaks Townhomes Association's lien. Its claim of $6,802.00 will be treated as fully unsecured in Class VII.

**Class VII: General Unsecured Claims**

Debtor proposes to impair general unsecured debt.

In addition to those creditors listed in the debtor's Schedule F or who have filed proofs of unsecured claims, the plan also treats as unsecured:

1. The wholly unsecured third-place lien on the debtor's residence at 105 Woods Ream;
2. All pre-petition HOA claims of Crown Oaks Townhomes Association;
3. Any possible claims arising from the mishandling of tenant security deposits when properties were held by Mark Holzapfel.

**Claimants will share a distribution of $15,000 divided on a pro rata basis and paid over a sixty month period beginning on January 1, 2013.** Creditors whose claims arose from the deficiency balance of foreclosed real estate must file proofs of claim by the effective date of January 1, 2013 to receive a distribution.

**Unless otherwise specified in a proof of claim, payments will be mailed to the creditor's scheduled address. Each payment will be accompanied by a copy of the confirmation order. If a payment is returned to the debtor twice, the claim will be deemed disallowed.**

**Leases:**

The debtor assumes all tenant leases.

## Article III
## Additional Provisions

**Voting and objecting:** Creditors wishing to participate in the confirmation of this plan by voting or objecting to this plan should follow the instructions contained in the attached "Order Conditionally Approving Plan." The debtor may attempt to confirm this plan notwithstanding the objection or rejection of creditors under 11 USC §1129.

**Discharge:** Except for the liens of claims in Classes I - VI, all consideration distributed under the plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all claims of any nature whatsoever against the debtor. Upon the Effective Date (January 1, 2013) the debtor shall be deemed discharged and released under Section 1141(d)(1)(A) of the Bankruptcy Code from any and all claims, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in Sections 502 of the Bankruptcy Code, whether or not (a) a Proof of Claim based upon such debt is filed or deemed filed under Section 501 of the Bankruptcy Code, (b) a Claim based upon such debt is Allowed under Section 502 of the Bankruptcy Code, or (c) the holder of a Claim based upon such debt accepted the Plan. Except as otherwise provided in the plan, the order shall be a judicial determination of discharge of all liabilities of the debtor as of the Effective Date. From and after the Effective Date all persons who have held, hold, or may hold Claims against or Equity Interests in the Debtor, other than holders of liens preserved by the Plan, are permanently enjoined from taking any of the following actions with respect thereto against the Debtor or the Reorganized Debtor: (a) commencing or continuing, in any manner or in any place, any action or other; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award,

decree or order; (c) creating, perfecting or enforcing any lien or encumbrance; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor or the Reorganized Debtor; and (e) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan.

Debtor will seek an early discharge upon substantial consummation of its plan.

**Material Tax Consequences:** Interested parties should consult with a tax professional to determine what, if any, material tax consequences might arise from the confirmation of this plan.

**Vesting of Property of the Estate.** Property of the estate shall vest with the debtor upon confirmation of the plan.

END OF DOCUMENT