UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE: BILLY BATY,                              CASE NO.: 12-02870-5-SWH

      DEBTOR.                                  CHAPTER 11

## DEBTOR'S MOTION TO MODIFY CONFIRMED CHAPTER 11 PLAN

NOW COMES the debtor, by and through undersigned counsel, pursuant to 11 U.S.C. §§ 105 and 1127(e), and respectfully moves the Court to modify the treatment of the claims of JP Morgan Chase, (hereafter "Chase") and in support thereof, shows the Court as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The debtor filed a voluntary chapter 11 petition under Title 11 of the United States Code on April 13, 2012 (the "Petition Date"), confirmed his Plan of Reorganization on January 3, 2013 (the "Plan"), and closed his case on February 5, 2013.

3. 11 U.S.C. §1127(e) allows individual debtors to modify a plan any time after confirmation of the plan but before the completion of payments under the plan.

4. Under the Plan, the debtor had three loans with Chase, each secured by deeds of trust on three separate pieces of real estate, and dealt with in Classes I, III, and VI of the debtor's Plan. The Class III and VI loans were impaired by re-amortizing the loan balances at reduced interest rates. Classes I, III, and VI were all required to begin issuing billing statements within sixty days of the closing of the bankruptcy case. This deadline to begin issuing billing statements expired on April 6, 2013.

5. The debtor now proposes the following modifications to his plan:

    a) Class I (JPMorgan Chase). 105 Woods Ream Drive, Raleigh NC
        a. Principal balance of $212,709.79. This obligation will be treated as an allowed secured claim in the amount of $212,709.79.
        b. 30 year amortization and term.
        c. 4% interest.
        d. Monthly principal and interest payment of $1,015.51.
        e. Debtor shall be responsible for making monthly escrow payments of tax and insurance as set forth in the original loan documents.

    b) Class III (JPMorgan Chase). 7801 Stephanie Lane, Raleigh NC
        a. Principal balance of $105,658.01. This obligation will be treated as an allowed secured claim in the amount of $105.658.01.
        b. 30 year amortization and term.

      c. 4% interest.
      d. Monthly principal and interest payment of $504.43
      e. Debtor shall be responsible for making monthly escrow payments of tax and insurance as set forth in the original loan documents.

c) Class VI (JPMorgan Chase). 7604 Huey Court, Raleigh, NC
    a. Debtor is in default of the loan terms as modified by the Amended Second Plan of Reorganization and the Order Confirming Plan.
    b. The Debtor will immediately surrender all rights, title and interests in the property located at 7604 Huey Court, Raleigh, NC to Chase.
    c. Upon entry of the Order allowing this Motion, Chase shall retain its lien in the full amount due under the Note, the automatic stay shall be terminated without further notice, order, or proceeding of the court, and Chase shall be entitled to commence foreclosure proceedings.

6. With regard to the Class I and Class III claims, the following additional terms will also apply:

    a. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to § 1129(b)(2)(A) (i)(I) of the Bankruptcy Code, until its claim is paid as outlined herein.

    b. The effective date of this modified plan shall be as of the date the Court approves this Motion. Within five days of that date, the debtor will send principal and interest payments to Chase's attorney, or some other address as directed by the Chase. Principal and interest payments will continue to be sent by the debtor to that address on the first day of each month thereafter until the creditor begins issuing billing statements to the debtor at 100 Woods Ream Drive, Raleigh, NC 27615 that reflect either (1) the principal and interest payments reflected in this modified plan, or (2) the principal and interest payments reflected in this plan with the addition of fees necessary to establish an escrow account for the payment of property insurance and taxes.

    c. Chase is permitted to advance such sums as needed for the payment of escrow items, consisting of taxes, insurance premiums, assessments, or any similar obligations which may, if not paid, legally attain priority as a lien over the claim of the creditors. Chase shall be permitted to add such escrow items to the monthly principal and interest payment described above in accordance with applicable law and the terms of the Note and Deed of Trust and applicable law. Such amounts shall be subject to change. In addition, the Debtor shall promptly furnish to Secured Creditor any notices of amounts coming due which constitute escrow items.

    d. Except as otherwise expressly provided herein, all remaining terms of the

        Note and Deed of Trust shall govern the treatment of the claim of Chase.

e. At the request of Chase, the Debtor shall execute such documents and instruments as are necessary to reflect the Debtor as the borrower of the secured claim, and to modify the terms of the obligation to conform with the provisions of the this stipulation.

f. The terms of this stipulation may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon without the express written consent of Chase. The terms of this stipulation shall be incorporated into the Modified Plan.

g. In the event the Debtor defaults under any of the terms of the original loan documents, or the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Chase shall retain its lien in the full amount due under the Note and the automatic stay shall be terminated without further notice, order, or proceeding of the court.

7. No other class or claim shall be modified from what was originally contained in the confirmed plan.

WHEREFORE, the debtor respectfully prays the Court to enter an Order allowing a modification of the Confirmed Plan to allow for the modification of the treatment of Classes I, II, and V as described above.

This the 26th day of November, 2014.

        SASSER LAW FIRM

        By: s/ Travis Sasser
        Travis Sasser, State Bar No. 26707
        2000 Regency Parkway, Suite 230
        Cary, N.C. 27518
        Tel: 919-319-7400

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE: BILLY BATY,                                    CASE NO.: 12-02870-5-SWH

      DEBTOR.                                    CHAPTER 11

## DEBTOR'S MOTION TO MODIFY CONFIRMED CHAPTER 11 PLAN

**TAKE NOTICE** that the DEBTOR'S MOTION TO MODIFY CONFIRMED CHAPTER 11 PLAN, a copy of which is attached hereto, has been filed in the above stated Court.

**TAKE NOTICE FURTHER** that pursuant to the Local Rules of the United States Bankruptcy Court for the Eastern District of North Carolina, you have TWENTY-ONE (21) DAYS from the date of this Notice of Motion to file a responsive pleading to the attached Motion. You must file your response with the Clerk, United States Bankruptcy Court, Post Office Box 1441, Raleigh, NC 27602-1441 with a copy to the undersigned. Any such responsive pleading must contain a request for a hearing if, indeed, you wish to be heard by the Court. Unless a hearing is specifically requested in a responsive pleading, the attached Motion may be determined and final Orders entered by the Court without a hearing.

This the 26th Day of November 2014.

                                                  SASSER LAW FIRM

                                                  By: s/ Travis Sasser
                                                  Travis Sasser, State Bar No. 26707
                                                  2000 Regency Parkway, Suite 230
                                                  Cary, N.C. 27518
                                                  Tel: 919-319-7400
                                                  Fax: 919-657-7400

## CERTIFICATE OF SERVICE

The foregoing Response was served on the following parties, by mailing a copy by depositing it in the United States Mail, by First Class Mail, in a properly addressed envelope with adequate postage thereon.

Bankruptcy Administrator
*Served Electronically*

Joseph Lischwe
Nelson Mullins
GlenLake One, Suite 200
4140 Parklake Avenue
Raleigh, NC 27612

JP Morgan Chase
Attn: Managing agent
Mail Code LA4-5555
700 Kansas Lane
Monroe, LA 71203

Dated: November 26, 2014.

                                          SASSER LAW FIRM

                                          /s/ Travis Sasser
                                          Travis Sasser,  Attorney for Debtors
                                          State Bar No. 26707
                                          2000 Regency Parkway, Suite 230
                                          Cary, N.C. 27518
                                          Tel: 919.319.7400
                                          Fax: 919.657.7400